1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11

THE ESTATE OF RICHARD A. MILLS, deceased, and THE MILLS

CASE NO. 07cv0505 WQH (BLM)

12

ADMINISTRATIVE TRUST,

ORDER

13

Plaintiff,

vs.

14

UNITED STATES OF AMERICA,

15

Defendant.

16

HAYES, Judge:

17

The matter before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint.

18

(Doc. # 8).

19

**BACKGROUND**

20

Richard A. Mills died on August 30, 1999. *Comp.* at 2.  In January of 1999, Mills

21

made a gift of thirty percent of the common stock of the Dayton Corporation to his

22

children, Timothy S. Mills and Gwen Mills. *Comp*. at Exhibit B.  On December 17, 1999,

23

the Estate of Richard Mills filed a Federal Gift Tax Return Form 709 with the Internal

24

Revenue Service ("IRS") showing the taxable value of the gift stock to be $646,372. *Id.*

25

The tax liability attributable to the gifted stock, $346,254, was paid on the same date the

26

tax return was filed. *Id*.

27

On April 12, 2003, the trustee, Timothy S. Mills, on behalf of the Estate of Richard

28

Mills, filed a Claim for Refund and Request for Abatement Form 843 seeking refund of an

overpayment of the gift tax on the gifted stock on the grounds that the "value of the gift did not reflect the built-in tax liability to the Dayton Corporation." *Id*.  The 2003 Claim for Refund asserted that the taxable value of the gifted stock was $599,496 entitling the taxpayer to a refund of $25,781.  *Id.* at Ex. A.  On June 23, 2003, the IRS issued a refund for the full amount of $25,781 claimed in the 2003 Claim for Refund. *Hendon Declaration, Ex. 1* at 3.

On March 16, 2007, the trustee, Timothy S. Mills, on behalf of the Estate of Richard Mills filed a Supplemental Claim for Refund and Request for Abatement Form 843 seeking refund of an overpayment of the gift tax on the gifted stock. *Id*. at Ex. B.  The 2007 Supplemental Claim for Refund asserted that "the taxable gift of $599,496, reduced by the built-in tax liability must be further reduced, pursuant to the formula set forth in Rev. Rul. 75-72" because the gift tax liability from 1999 was paid by donees Timothy S. Mills and Gwen Mills. *Comp.* at 12.  The 2007 Supplemental Claim for Refund asserted that the value of the stock was $386,772 entitling the taxpayer to an additional refund of $116,993. *Id*.

On March 20, 2007, the Estate of Richard A. Mills and the Mills Administrative Trust Estate ("Plaintiff") filed the Complaint against the United States of America  seeking a federal gift tax refund for the sum of $116,993 plus statutory interest.  *Comp*. *at 2*.

On July 3, 2007, the United States filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) on grounds of a lack of subject matter jurisdiction.

On July 19, 2007, the IRS sent notice to the Estate of Richard Mills disallowing the 2007 Supplemental Claim for Refund .

## CONTENTIONS OF THE PARTIES

The United States contends that Plaintiff's 2007 Supplemental Claim for Refund is barred by statute of limitations set forth in 26 U.S.C. § 6511(a).  The United States asserts that Plaintiff had until April 15, 2003 to file a claim for refund with respect to decedent's 1999 tax form.  The United States asserts that the 2007 Supplemental Claim for Refund was filed well outside the three year statute of limitations imposed by 28 U.S.C. § 6511(a)

and does not fit within any of the exceptions to the statute of limitations requirement.  The United States contends that the 2007 Supplemental Claim for Refund is not a valid amendment to the 2003 Claim for Refund because the IRS issued a refund for the full amount claimed and the 2003 claim was no longer outstanding.  The United States contends that the Plaintiff is not entitled to seek an additional refund outside the statute of limitations period based on a new legal theory that is not germane to the 2003 Claim for Refund.  The United States asserts that the 2003 Claim for Refund asserted that the gift tax liability was overstated because it failed to reduce the value of the stock by the amount of the built-in capital gains tax liability and the 2007 Supplemental Claim for Refund asserts a different theory, "namely that the donees paid the decedent's 1999 gift taxes and not the decedent's estate." *Doc.* # 11 at 3. [1]

Plaintiff contends that this Court has subject matter jurisdiction to resolve this action because the 2007 Supplemental Claim for Refund is a valid amendment to the timely filed 2003 Claim for Refund.  Plaintiff contends that the 2007 supplemental claim does not differ in substance from the 2003 claim because both claims "dealt with the same issue and claim, namely the value of the stock gifts in January of 1999." *Doc*. # 10 at 4.  Plaintiff asserts that the 2007 supplemental claim should be "deemed effective and to relate back to the claim of April 12, 2003, and the entire payment on December 17, 1999 of  $346,254, falls within the 26 U.S.C.A. 6511(b)(2)(a) requirement." *Id*.  Plaintiff asserts that the 2003 claim was "still alive and well" on March 16, 2007 because no statutory disallowance was issued by the United States. *Id.* at 3.  Plaintiff contends that the United States cannot "claim surprise or inadequate time to review the original refund claim" because the 2003 claim and the 2007 supplemental claim address the same issue, namely "the value of the stock gifts." *Doc*. # 10 at 5.[2]

---

[1] The Government further contends that Plaintiff's suit for refund was not timely filed because it was instituted less than six months after the Supplemental Claim for Refund and Request for Abatement Form 843 was filed on March 16, 2007. *Doc*. # 8 at 5. The Court does not reach this issue.

[2] Plaintiff further contends that the defense of variance is "an affirmative defense that can only be raised in an answer of the defendant and not a Rule 12(b)(1) motion." However, Defendant is entitled to raise lack of subject matter jurisdiction in a Rule 12(b)(1) motion.

07cv0505-WQH (BLM)

**STANDARD OF REVIEW**

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the jurisdiction of the court over the subject matter of the complaint.  "Federal courts are courts of limited jurisdiction and possess 'only that power authorized by the Constitution and Statute.'" *Sandpiper Vill. Condo. Ass'n, Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831, 841 (9th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Federal courts are presumptively without jurisdiction over civil actions, and it is the plaintiff's burden to persuade the court that subject matter jurisdiction exists.  *See Kokkonen*, 511 U.S. at 377; *Hexom v. Oregon Dep't of Transp.*, 177 F.3d 1134, 1135 (9th Cir. 1999).

A Rule 12(b)(1) motion "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court."  *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).  Thus, the existence of disputed material facts will not preclude the court from evaluating the merits of jurisdictional claims.  *Id.*  Finally, because the plaintiff bears the burden of establishing subject matter jurisdiction, no presumption of truthfulness attaches to allegations of the plaintiff's complaint, and the court must presume that it lacks jurisdiction until the plaintiff establishes jurisdiction.  *See Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

**APPLICABLE LAW**

"As sovereign, the United States is immune from suit without its consent, and the terms of its consent when granted define and circumscribe [] jurisdiction.'" *United States v. Dalm,* 494 U.S. 596, 608 (1990).  "The applicable statute of limitations is a term of consent.  The failure to sue the United States within the period of limitations is not simply a waivable defense; it deprives the district court of jurisdiction to entertain the action." *Nesovic v. United States*, 71 F.3d 776, 777 (9th Cir. 1995) (citations omitted).  "Waivers of immunity must be construed strictly in favor of the sovereign, and not enlarged beyond what the [statutory] language requires."  *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685

1   (1983)(quotation and citation omitted).

2          Pursuant to 28 U.S.C. § 1346(a), the United States has waived its sovereign

3   immunity and district courts have jurisdiction over suits to recover "any internal-revenue

4   taxes alleged to have been erroneously or illegally assessed or collected."  28 U.S.C. §

5   1346(a)(1).   However, 26 U.S.C. § 7422(a) provides that "no suit or proceeding shall be

6   maintained in any court for the recovery of any internal revenue tax alleged to have been

7   erroneously or illegally assessed or collected . . . until a claim for refund or credit has been

8   duly filed with the Secretary, according to the provisions of law in that regard, and the

9   regulations of the Secretary established in pursuance thereof."

10          A timely claim is a jurisdictional prerequisite to an action for recovery of taxes paid.

11   *Miller v. United States*, 38 F.3d 473, 474 (9th Cir. 1994).  28 U.S.C. § 6511(a) provides:

12       Claim for credit or refund of an overpayment of any tax imposed by this title in
    respect of which tax the taxpayer is required to file a return shall be filed by the

13       taxpayer within 3 years from the time the return was filed or 2 years from the
    time the tax was paid, whichever of such periods expires later, or if no return

14       was filed by the taxpayer, within 2 years from the time the tax was paid.

15   The Supreme Court has held that sections 7422(a) and 6511(a), "read together," establish

16   that "unless a claim for refund of a tax has been filed within the time limits imposed by  §

17   6511(a), a suit for refund, regardless of whether the tax is alleged to have been

18   'erroneously,' 'illegally,' or 'wrongfully collected,' . . . may not be maintained in any

19   court."  *United States v. Dalm*, 494 U.S. 596, 602 (1990).  "Statutes of limitations play an

20   important role in tax administration, benefiting both the government and taxpayers.  The

21   government's authority to assess taxes is limited by 26 U.S.C. § 6501, under which taxes

22   must be assessed within three years of the filing of the return.  26 U.S.C. § 6501 (2000).

23   Similarly, the taxpayer must file its refund claim with the IRS 'within 3 years of the time

24   the return was filed . . .' 26 U.S.C. § 6511(a)." *Computervision Corp. v. United States*, 445

25   F.3d 1355, 1362-1363 (Fed. Cir. 2006).

26          The Secretary by regulation requires that claims for refund "set forth in detail each

27   ground upon which a credit or refund claim and facts sufficient to apprise the

28   Commissioner of the exact basis thereof."  26 C.F.R. 301.6402-2(b)(1) (2005).  The

requirement for filing a proper refund claim "is designed both to prevent surprise and to give adequate notice to the Service of the nature of the claim and the specific facts upon which it is predicated, thereby permitting an administrative investigation and determination." *Alexander Proudfoot Co. v. United States*, 454 F.2d 1379, 1383 (Ct. Cl. 1972) (quoting *Union Pac. Railroad Co. v. United States*, 389 F.2d 437, 442 (Ct. Cl.1968)).

## DISCUSSION

The issue presented in this case is whether the 2007 Supplemental Claim for Refund filed outside of the statute of limitations period provided in 28 U.S.C. §6511(a) is a valid amendment to the 2003 Claim for Refund. "The Supreme Court has held that in some circumstances a taxpayer's claim is not barred by the statute of limitations even though the taxpayer did not timely file a formal, detailed claim required by the regulations." *Computervision Corp.,* 445 F.3d at 1363. *See*, *e.g. United States v. Kales*, 314 U.S. 186, 196-97 (1941) (informal claim doctrine); *United States v. Andrews*, 302 U.S. 517, 524 (1938) (general claim doctrine and germaneness doctrine); *United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 70-71 (1933) (waiver doctrine); *Bemis Brothers Bag Co. v. United States*, 289 U.S. 28 (1933) (germaneness doctrine). "[T]his aggregation of rules has come to be known as the substantial variance doctrine. The doctrine permits consideration of a claim for refund despite failure to timely file detailed formal claims with the IRS when a substantial variance from the requirement of the regulation is not involved." *Computervision Corp.,* 445 F.3d at 1363 (citations omitted).   There are four circumstances set forth in *Computervision Corp*. in which the "substantial variance doctrine" has been applied, two of which may be applicable to this suit -  the general claim doctrine and the germaneness doctrine.

**General claim doctrine**

The general claim doctrine is applicable "where (1) the taxpayer has filed a formal general claim within the limitations period; and (2) an amendment is filed outside the limitations period that makes the general claim more specific." *Computervision Corp.*, 445 F.3d at 1368.  This exception was recognized by the Supreme Court in *United States v.*

1   *Andrews*, 302 U.S. 517, 524 (1938).  In *Andrews*, the Supreme Court stated:

2          Where a claim which the Commissioner could have rejected as too general, and
           as omitting to specify the matters needing investigation, has not misled him but
3          has been the basis of an investigation which disclosed facts necessary to his
           action in making a refund, an amendment which merely makes more definite the
4          matters already within his knowledge, or which, in the course of his
           investigation, he would naturally have ascertained, is permissible.

5   302 U.S. at 524.  Under the general claims doctrine,  "an amendment which merely makes

6   more definite that matters already within [IRS] knowledge, or which, in the course of []

7   investigation, [the IRS] would naturally have ascertained, is permissible" even when filed

8   outside the three year limitations period provided in § 6511(a).  *Computervision Corp.,* 445

9   F.3d at 1368.

10         In this case, the Plaintiff's original 2003 Claim for Refund was not a general claim.

11  Plaintiff's 2003 claim for a reduction of the value of the gifted stock was specifically based

12  on the fact that the IRS failed to account for the "built-in tax liability" attributable to the

13  gifted stock in 1999 tax form.  *See Comp.* at Ex. B.  Because the general claim doctrine

14  only applies when the original claim is general rather than specific, the general claim

15  doctrine will not overcome the bar to the exercise of jurisdiction outside of the statute of

16  limitations period under the facts of this case.

17  **Germaneness Doctrine**

18         The germaneness doctrine "only applies where the taxpayer (1) files a formal claim

19  within the limitations period making a specific claim; and (2) after the limitations period

20  but, while the IRS still has jurisdiction over the claim, files a formal amendment raising a

21  new legal theory - not specifically raised by the original claim - that is 'germane' to the

22  original claim, that is, it depends upon facts that the IRS examined or should have

23  examined within the statutory period while determining the merits of the original claim."

24  *Computervision Corp.*, 445 F.3d at 1370; *see also United States v. Ideal Basic Indus., Inc.*,

25  404 F.2d 122, 124 (10th Cir. 1968) (permitting amendment where "facts upon which the

26  amendment is based would necessarily have been ascertained by the Commissioner in

27  determining the merits of the original claim").

28         As a threshold requirement under the germaneness doctrine, the claim amendment

                                              - 7 -                            07cv0505-WQH (BLM)

must be made upon a timely original claim. *Computervision Corp.,* 445 F.3d at 1370. In this case, Plaintiff filed a federal gift tax return on behalf of decedent Richard A. Mills on December 17, 1999. A return filed before the filing due date is deemed to be filed on the filing due date for purposes of the limitations period articulated in Section 6511(a), in this case, April 15, 2000. Plaintiff filed the 2003 Claim for Refund on April 12, 2003, which was within three years of the statutorily determined filing date.

Under the germaneness doctrine, a formal amendment, if filed after the expiration of the limitations period, must be filed "while the original claim is still being considered by the IRS." *Computervision Corp.,* 445 F.3d at 1371; *See also United States v. Wells Fargo Bank*, 393 F.2d 272, 275 (9th Cir. 1968) (refund claim "plainly different from that of the original claim" filed outside the statute of limitations and after the original claim was "litigated to completion" was not a valid amendment). "An amendment is ineffective if filed after the original claim has been either allowed or disallowed by the IRS." *Computervision Corp.,* 445 F.3d at 1371. *See also Parker Hannifin Corp v. United States*, 71 Fed. Cl. 231, 234 (2006) ("Amendments to a properly filed refund claim are permitted after the statute of limitations for filing refund claims has expired if the amendment is 'germane' to the original claim and was presented before the original claim is resolved."); and *Union Pac. Railroad*, 389 F.2d at 447 ("The disposition of a taxpayer's refund claim by allowance of the amount requested in full, however, precludes an amendment asserting an additional amount after the expiration of the statutory period for refund."). *Compare Mutual Assurance, Inc. v. United States,* 56 F.3d 1353, 1357 (11th Cir. 1995) (amendment outside of the statute of limitation to a timely filed refund claim which was paid in full allowed where the "amendment asserted the same grounds for relief as the original claim").

In this case, the Plaintiff filed the 2007 Supplemental Claim for Refund on March 16, 2007, nearly four years after the IRS allowed the original 2003 Claim for Refund in full. All amounts claimed and theories raised in the 2003 Claim for Refund were finally and completely resolved to the benefit of the taxpayer. No aspect of the 2003 Claim for Refund was disallowed or remained outstanding. The Court concludes that the 2007

Supplemental Claim for Refund was filed after the 2003 Claim for Refund was resolved to completion and was not filed while the IRS had jurisdiction over the 2003 Claim for Refund.

Application of the germaneness doctrine also requires that the Plaintiff file an amendment that is "germane" to the original claim. *Computervision Corp.,* 445 F.3d at 1370. An amendment is considered germane if "it depends upon facts that the IRS examined or should have examined within the statutory period while determining the merits of the original claim." *Id.* However, "[e]ven if the IRS possessed the facts necessary to make [the] computation, 'it is not enough that somewhere under the Commissioner's roof is the information which might enable him to pass on a claim for refund.'" *Computervision Corp.,* 445 F.3d at 1371 *quoting Angelus Milling*, 325 U.S. 293, 299 (1945). An amendment outside the statute of limitation period which claimed "a different amount under a different theory," cannot claim the benefit of the germaneness doctrine. *Computervision Corp.,* 445 F.3d at 1371.

In the case before this Court, Plaintiff's original claim, filed in 2003, was based on a failure to account for the built-in capital gains tax liability in the gifted stock which reduced the value of the stock and the subsequent tax liability. *Comp. Ex. B*. The 2007 Supplemental Claim for Refund is based upon the theory that a net gift occurred when the donees, not decedent's estate, paid the 1999 gift tax reducing the value of the gifted stock pursuant to Revenue Ruling 75-72. The theory of recovery promulgated in the original 2003 claim relied on built-in tax liability not dependent in any manner on the identity of the taxpayer. The IRS is only charged with investigating facts relevant to the legal theory identified by the taxpayer in the refund claim. The 2007 Supplemental Claim for Refund is based upon "a different amount under a different theory." *Computervision Corp.,* 445 F.3d at 1371. This Court concludes that 2007 Supplemental Claim for Refund does not meet the requirements of the germaneness doctrine.

**CONCLUSION**

The Court concludes that 2007 Supplemental Claim for Refund was filed outside of

1  the statute of limitations period provided in 28 U.S.C.  6511(a) and is not a valid

2  amendment to the timely filed 2003 Claim for Refund.  The Court concludes that 2007

3  Supplemental Claim for Refund is barred by the statute of limitations and that this Court

4  does not have subject matter jurisdiction over this suit.

5        IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#8) is

6  **GRANTED**.  The Clerk of the Court shall enter judgment for Defendant and against

7  Plaintiff.

8  DATED:  December 12, 2007

9

**WILLIAM Q. HAYES**
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28